**PENGXIANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3325–ag.

United States Court of Appeals, Second Circuit.

July 30, 2007.

Pengxiang Chen, pro se, Staten Island, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration Litigation, U.S. Dep't of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Pengxiang Chen, a citizen of the People's Republic of China, seeks review of a June 16, 2006 order of the BIA, affirming the October 5, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Pengxiang Chen,* No. A97 359 541 (B.I.A. June 16, 2006) *aff'g* No. A97 359 541 (Immig. Ct. N.Y. City Oct. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for the decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review *de novo*

questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We find that the IJ's adverse credibility finding is not supported by substantial evidence. The agency erred in finding that Chen's application was inconsistent with his testimony and a letter submitted by Chen's friend regarding the reason why Chen was arrested. Both his application and testimony indicated that, although the police went to the friend's house for reasons other than an illegal church gathering, one reason Chen was detained was because of the discovery of this gathering. Additionally, the agency erred in finding that Chen gave two different names for the church he attended in China because any discrepancy seems to have been due to a translation error.[1] Any inconsistencies regarding Chen's practice of Christianity after he was released from detention also appear attributable to translation errors, as it appears Chen did not understand the questions about his religious practice. The additional inconsistencies noted by the agency were either erroneously found to be inconsistent, or were minor and irrelevant to Chen's claims and credibility. *See Zhou Yun Zhang,* 386 F.3d at 74.

■ Finally, the agency erred in finding that Chen did not corroborate his claim with certain documentary evidence, such as an affidavit from either his doctor or his wife, because the agency did not evaluate Chen's explanation for the absence of such evidence. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000).

Our decision in this case should not be construed as reflecting an opinion on the credibility of the petitioner. On remand, the agency may wish to revisit its credibility determination or proceed to evaluate Chen's claim on the merits.

For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the agency for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Indeed, we note that our review is frustrated in this respect because the name of the church appears in one part of the transcript as "indiscernible."